Citation Nr: 1607920 
Decision Date: 02/29/16 Archive Date: 03/04/16

DOCKET NO. 11-29 653 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUES

1. Entitlement to service connection for an acquired psychiatric disorder to include depression and anxiety. 

2. Entitlement to service connection for a disorder manifested by a speech impediment. 


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

Veteran


ATTORNEY FOR THE BOARD

G. Jivens-McRae, Counsel


INTRODUCTION

The appellant (Veteran) served on active duty from January 1958 to November 1959. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a February 2010 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida. 

In August 2014 and again in January 2015, the appellant submitted statements requesting withdrawals of his request for Travel Board hearing. However, a Travel Board hearing was held before the undersigned Veterans Law Judge (VLJ) in April 2015. A transcript of the hearing is of record and associated with the VBMS file. 

The Board remanded the claims in June 2015 for further development. 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2015). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required on his part.


REMAND

Further development is necessary prior to final adjudication of these claims. 

The appellant claims that service connection is warranted for his acquired psychiatric disorder, to include depression, based upon service incurrence. He alleges that his acquired psychiatric disorder was triggered when he accidentally shot his infant son while on active duty. The shooting resulted in the death of his infant son. He also claims that his speech impediment is related to his psychiatric disorder which was also triggered by his son's death. 

In September 2015, the appellant underwent VA mental disorders and cranial nerve examinations. During the VA mental disorders examination, the examiner indicated, in pertinent part, a diagnosis of bipolar disorder as the only psychiatric diagnosis the appellant had. The examiner stated the claimed condition was less likely as not caused by service. He indicated that after a review of the appellant's service treatment records and the September 2015 examination, the Veteran's infant's son's death made the appellant feel bad, but it did not cause a mental disorder by itself. The examiner stated that it appeared that the appellant developed a bipolar disorder within 2 years after service. The September 2015 VA cranial nerve examiner indicated that the speech impediment (mild stammering) was not caused by a neurological disorder and was anxiety related. 

In this case, the September 2015 mental disorders examination indicated the appellant as only having one psychiatric disorder, which was bipolar disorder. The September 2015 cranial nerve examination indicated that the appellant had anxiety, and his speech impediment was due to that disorder. VA medical records also reflect a diagnosis of depression. This is a contradiction as to the true diagnosis(es) the appellant has, and whether one or the other are the result of service. Moreover, although the psychiatrist indicated that the appellant's bipolar disorder developed within 2 years of service discharge, no rationale was provided to indicate why this was the date of onset of this disability. There were no medical records from service discharge to 2010 associated with the record, and the examiner gave no rationale for these findings related to onset. Moreover, it is important to note, that if the appellant has one or more psychiatric disabilities related to service, and his speech impediment was caused by one or both of the such disabilities, his speech impediment would be service-connected per 38 C.F.R. § 3.310 (2015). Thus, the speech impediment claim is inextricably intertwined with the psychiatric disorder claim and further action on this claim must await the development requested herein relative to the acquired psychiatric disorder claim.

If a diagnosis is not supported by the findings on the examination report or if the report does not contain sufficient detail, it is incumbent upon the rating board to return the report as inadequate for evaluation purposes. See 38 C.F.R. § 4.2 (2015).

As the September 2015 VA examiner provided an inadequate rationale for the psychiatric nexus opinion, and a diagnosis of depression and a later diagnosis of anxiety was not found in that opinion, the appellant warrants another VA mental disorders examination in connection with this claim. Also, fulfillment of the statutory duty to assist includes the conduct of a thorough and contemporaneous medical examination, so that the evaluation of the claimed disability will be a fully informed one. Green v. Derwinski, 1 Vet. App. 121, 124 (1991). 

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Updated treatment records, VA and non-VA, should be obtained and added to the claims file.

2. Following completion of the above, schedule the appellant for a VA mental disorders examination, to determine the nature, severity, and etiology of any current acquired psychiatric disorder the appellant may have or has had since filing his claim in October 2009. All indicated testing and studies should be conducted. 

The examiner is requested to indicate whether it is at least as likely as not (a 50 percent probability or greater) that the appellant's psychiatric disorder (bipolar disorder, depression, anxiety) is etiologically related to service, specifically taking into consideration the accidental death of the appellant's infant son and the appellant's part in causing that death. The examiner should also take into consideration the September 2015 cranial nerve examination which determined the appellant had anxiety, and other VA examination reports which indicate the appellant's diagnosis of depression. The examiner should address those diagnoses, whether they are warranted, and if so, whether they are related to his active service. 

All findings and conclusions requested should be set forth in a legible report. Supporting rationale must be provided with each requested opinion. 

If the examiner cannot provide an opinion without resorting to mere speculation, such should be so stated along with supporting rationale. In so doing, the examiner shall explain whether the inability to provide a more definitive opinion is the result of a need for additional information, or that he or she has exhausted the limits of current medical knowledge in providing an answer to the particular question. 
 
3. The AOJ should review the claims file. If any development is incomplete, the AOJ should take corrective action. See Stegall v. West, 11 Vet. App. 268 (1998). 

4. Thereafter, the claims should be readjudicated. If the claims on appeal are not granted to the appellant's satisfaction, send him and his representative a supplemental statement of the case and give them the opportunity to submit additional evidence and/or argument in response prior to returning the file to the Board for further appellate consideration. 

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).


This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
BARBARA B. COPELAND
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).